FILED
United States Court of Appeals
Tenth Circuit

**June 19, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NICK ADAM TRUJILLO,

      Petitioner – Appellant,

v.

GERMAN FRANCO; THE ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

      Respondents – Appellees.

No. 14-2213
(D.C. No. 1:13-CV-00618-JCH-GBW)
(D. N.M.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

    Petitioner Nick Trujillo, a state prisoner proceeding pro se, seeks a certificate

of appealability to appeal the district court's denial of his § 2254 habeas petition. A

New Mexico jury convicted Petitioner in 2009 of committing second-degree criminal

sexual contact with a minor. Petitioner challenged his conviction and sentence

through both a direct appeal and a state habeas petition. In those proceedings, he

raised numerous grounds for relief, all but one of which were either voluntarily

dismissed by him or rejected by the state courts. His one successful claim—that the

court's assessment of his crime as criminal sexual contact of a minor in the second

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

degree was incorrect—resulted in a remand, adjustment of Petitioner's conviction to third-degree criminal sexual contact, and a reduced sentence.

Following the state courts' rejection of his other claims for relief, Petitioner filed a federal habeas petition in the United States District Court for the District of New Mexico in which he raised three properly exhausted grounds for relief: (1) violation of his Sixth and Fourteenth Amendment rights because the trial court refused to compel the appearance and testimony of a detective who investigated his criminal case; (2) ineffective assistance of counsel for failing to cause the detective and another potential witness to appear and testify; and (3) insufficient evidence to support Petitioner's conviction.

A federal court may grant a habeas petition of a person in state custody if the state court adjudication of the petitioner's claims on the merits resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A magistrate judge reviewed each of Petitioner's claims and concluded that Petitioner failed to show a breach of clearly established Federal law or meet the "daunting standard" required for a federal court to grant relief under § 2254(d)(2). *See Byrd v. Workman*, 645 F.3d 1159, 1172 (10th Cir. 2011). The magistrate judge therefore recommended dismissal of the petition. The district judge agreed with the magistrate judge's conclusions and ordered the petition to be dismissed with

prejudice. Petitioner then sought to obtain a certificate of appealability to appeal the ruling of the district court.

To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotation marks omitted).

We have carefully reviewed Petitioner's brief, the district court's disposition, and the record on appeal. Nothing in these materials convinces us that reasonable jurists could debate whether the district court's rulings were correct. Accordingly, for substantially the reasons set forth by the magistrate judge and the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

3